WETHERELL, J.,
specially concurring.
I fully concur in the majority opinion. I write separately simply to point out that, on remand, in lieu of referring this matter to an appeals referee for an evidentiary hearing to determine whether Appellant timely mailed his appeal, the UAC could dispense with the hearing by treating Appellant’s appeal as having been timely filed and then review the appeal on the merits. It seems to me that this would be a far more efficient and cost-effective course of action in this case because it is unlikely that anyone other than Appellant would testify at the hearing and, presumably, his testimony would be the same as the facts asserted in his affidavit. Moreover, if the matter is referred to a referee for an evidentiary hearing, notice of the hearing will have to be printed and mailed, the hearing will have to be held and recorded, and the referee will have to prepare and mail his or her decision and compile the record for review by the UAC. All of this will require the expenditure of additional state resources and will further delay resolution of this case, which involves benefits dating back to November 2008 that Appellant has been ordered to reimburse due to an overpayment. I see no reason to expend these additional resources when the UAC could simply review the appeal on the merits upon remand, as it would likely have to do anyway if Appellant testified to the same facts asserted in his affidavit and the appeals referee accepted that testimony as credible.